UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DR. H.Y. LIM TUNG,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                             19-CV-5502 (RPK) (SJB)

   -against-

DR. HUGH C. HEMMINGS; DR. JIMCY
PLATHOLI; DR. PAUL HEERDT; WEILL
CORNELL MEDICAL COLLEGE; JOURNAL
OF BIOLOGICAL CHEMISTRY; DR. KAORU
SAKABE; and DR. LILA GIERASCH,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff H.Y. Lim Tung filed this action raising claims related to intellectual property against Weill Cornell Medical College ("Cornell"), the Journal of Biological Chemistry, Dr. Hugh C. Hemmings, Dr. Jimcy Platholi, Dr. Paul Heerdt, Dr. Kaoru Sakabe, and Dr. Lila Gierasch. Cornell, Dr. Hemmings, Dr. Platholi, and Dr. Heerdt (the "moving defendants") have moved to dismiss the claims against them based on insufficient service of process, among other grounds. For the reasons below, those claims are dismissed based on insufficient service of process.

## BACKGROUND

      This action is one of several lawsuits that plaintiff has filed against his former employer, Cornell. *See United States ex rel. Tung v. Hemmings*, No. 19-CV-7342, 2019 WL 3936968, at *1 (S.D.N.Y. Aug. 20, 2019); *Tung v. Hemmings*, Index No. 13900/2014 (N.Y. Sup. Ct. April 10, 2015); *Tung v. Hemmings*, Index No. 485/2013 (N.Y. Sup. Ct. June 24, 2013). Plaintiff filed this lawsuit on October 1, 2019. *See* Compl. (Dkt. #1). In the operative amended complaint, plaintiff alleges that he used to work as an "independent scientist" for Cornell, during which time

1

he created intellectual property that defendants later misappropriated.  *See* Am. Compl. ¶¶ 2-18, 20-28, 54-61 (Dkt. #19-1).  Plaintiff brings claims for the "theft" of his ideas, copyrights, and patents, misappropriation of trade secrets, and unjust enrichment, and seeks a declaratory judgment that he owns certain intellectual property.  *See id.* ¶¶ 65-104.

On October 16, 2019, Magistrate Judge Bulsara entered an order advising plaintiff that "if service is not made upon the defendants by December 30, 2019, or plaintiff fails to show good cause why such service has not been effected," the complaint would be dismissed.  Order Dated Oct. 16, 2019.

On December 20, 2019, plaintiff filed an affidavit of service.  *See* Pl.'s Aff. of Service ("Pl.'s Aff.") (Dkt. #6).  The affidavit states that a process server named Pierre Limtung "personally served" Cornell at an address in New York on December 20, 2019.  But it does not indicate which, if any, of Cornell's officers or agents were served.  *See id.* at 5.  The affidavit asserts that Dr. Hemmings was "personally served" at the same time and at the same address alleged to be that of Cornell.  *See ibid.*  The affidavit states that service on Dr. Hemmings was made "C/O," or "care of," Cornell's Department of Anesthesiology.  *See ibid.*  Finally, the affidavit states that a "request to waive service of summons" was mailed to the Journal of Biological Chemistry, Dr. Platholi, Dr. Heerdt, Dr. Sakabe, and Dr. Gierasch on December 20, 2019.  *Id.* at 5-6.  Plaintiff has not filed any other evidence to show service or waiver of service.

On January 10, 2020, ten days after the deadline for service had passed, counsel for the moving defendants filed a notice of appearance.  *See* Notice of Appearance (Dkt. #7).  On the same day, the moving defendants' counsel filed a letter motion for a pre-motion conference indicating counsel's intent to file a motion to dismiss, as required by the individual rules of then-presiding Judge Mauskopf.  *See* Defs.' Jan. 10, 2020 PMC Ltr. ("Defs.' PMC Ltr.") (Dkt. #9).

The letter motion raised several grounds for dismissal, the first of which was insufficient service of process. *See id.* at 2. On July 1, 2020, the case was reassigned to me, and I issued an order allowing the moving defendants to file their motion to dismiss without a pre-motion conference. *See* Order Dated July 1, 2020. On August 3, 2020, defendants timely filed the motion to dismiss, which argued, among other things, that plaintiff's complaint should be dismissed based on insufficient service of process. *See* Defs.' Mot. to Dismiss Original Compl. at 7-10 (Dkt. #14).

On August 24, 2020, while the parties were still briefing defendants' motion to dismiss, plaintiff filed a motion to amend the complaint and attached a proposed amended complaint. *See* Pl.'s Mot. to Amend (Dkt. #19). I deemed the proposed amended complaint the operative complaint and set a briefing schedule for defendants' renewed motion to dismiss. *See* Minute Entry and Order Dated Sep. 4, 2020.

On September 22, 2020, the moving defendants timely filed the instant motion to dismiss the amended complaint. *See* Defs.' Mem. of L. in Supp. of Dismissal ("Defs.' Br.") (Dkt. #22). Defendants move to dismiss the complaint based on insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim. *See id.* at 6-28.

## DISCUSSION

The moving defendants' motion to dismiss based on insufficient service of process is granted.

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(5) "provides for dismissal of an action if service of process was not timely effected in accordance with Federal Rule of Civil Procedure 4(m)." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 (S.D.N.Y. 2016). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the court "must

dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause for the failure," then "the court must extend the time for service for an appropriate period." *Ibid.*

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *see, e.g.*, *Vidurek v. Koskinen*, 789 F. App'x 889, 893 (2d Cir. 2019). "Plaintiff must meet this burden by making a prima facie case of proper service through specific factual allegations and any supporting materials." *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012) (quotations omitted). A plaintiff's "conclusory statements are not sufficient to overcome a defendant's sworn affidavit that service was improper." *Ibid.*; *see Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

In evaluating a motion to dismiss based on insufficient service of process, the court "must consider information outside the complaint to determine whether service was sufficient." *Corley v. Vance*, 365 F. Supp. 3d 407, 431 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020).

## II. Analysis

### A. Plaintiff has not shown that defendants were properly served.

#### i. Cornell

Rule 4 provides that a domestic corporation may be served in two ways. *First*, service may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). *Second*, service may

be effected by following "state law for serving a summons in an action . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Under the law of New York—the state where this court is located and where service was purportedly effected—"[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Section 311 also authorizes service on the secretary of state as agent of a corporation. *See ibid.* (citing N.Y. Bus. Corp. L. §§ 306-307). Alternate methods of service must first be approved by the court. *Id.* § 311(b); *see McDaniel v. Revlon, Inc.*, No. 20-CV-3649, 2021 WL 2784548, at *2 (S.D.N.Y. July 2, 2021); *Acme Widget, L.P. v. Q Invs. Grp., Inc.*, No. 10-CV-2204, 2011 WL 13323550, at *2 (E.D.N.Y. Mar. 14, 2011), *report and recommendation adopted*, 2011 WL 13323547 (E.D.N.Y. Apr. 27, 2011).

Plaintiff has not established that Cornell was properly served under any of these routes. *See Sikhs for Justice*, 850 F. Supp. 2d at 440. Both federal and New York law require that a corporation be served through personal service on a corporate officer or agent, with exceptions that do not apply to this case. *See Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356, 2016 WL 233665, at *6 (E.D.N.Y. Jan. 20, 2016) ("[T]he New York and federal rules both require personal delivery to an officer, director, managing or general agent, or cashier or assistant cashier."); *see also Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *4 (E.D.N.Y. Jan. 28, 2019), *report and recommendation adopted*, Order Dated Mar. 31, 2019, No. 17-CV-3043 (E.D.N.Y. Mar. 31, 2019). Plaintiff's affidavit of service asserts that Cornell was "personally served" at an address in New York, but does not identify the

5

officer or agent who was served. *See* Pl.'s Aff. at 5. In his opposition papers, plaintiff similarly states that "an officer of" Cornell accepted service on behalf of all defendants, but does not identify the officer or explain the basis on which he concluded that the individual served was an officer of Cornell. *See* Pl.'s Opp'n to Mot. to Dismiss at 4 ("Pl.'s Opp'n") (Dkt. #24). Courts in this circuit consistently decline to find affidavits adequate to establish service on a corporate defendant when the individual served is not identified and the affidavit fails to explain the basis for the affiant's conclusion that the individual served was authorized to accept service for the corporation. *See DeMott v. Bacilious*, No. 11-CV-6966, 2012 WL 601074, at *7 (S.D.N.Y. Feb. 24, 2012) ("The burden is on plaintiff[] to show a basis for inferring that the defendant has authorized a particular person to accept service of process on its behalf." (citing *Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998)); *see also, e.g.*, *Feng Lin*, No. 17-CV-3043, 2019 WL 1450746, at *5 (affidavits stating that complaint was served on a manager that the affiant "knew" was "authorized to accept service" were insufficient because there was no indication as to how the affiant had that knowledge); *Kitsis v. Home Attendant Vendor Agency, Inc.*, No. 15-CV-6654, 2016 WL 8234676, at *2 (E.D.N.Y. Dec. 12, 2016) (proof of service was insufficient because affidavit provided only the name of a person "located at the front desk of [the corporate] defendant's establishment" but "no further information as to the person who was served or why service on that person was effective as to the corporate defendant"), *report and recommendation adopted*, 2017 WL 563971 (E.D.N.Y. Feb. 10, 2017); *DeMott*, No. 11-CV-6966, 2012 WL 601074, at *6 (proof of service was insufficient where affidavit stated, "without further exposition, that [the] unidentified man" who allegedly accepted service "was 'authorized' to accept for the corporation in question"); *JCJ Marketer Corp. v. Tierra Nueva Organic, Inc.*, No. 09-CV-1487, 2010 WL 1292713, at *3

(E.D.N.Y. Mar. 31, 2010) (proof of service was insufficient because "[w]ithout information about which individual was served at the address provided in the process server's affidavit, the court has no way to determine if service was properly effected").

### ii. Dr. Hemmings

Rule 4 provides that an individual may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).  An individual may also be served in any manner permitted by state law.  Fed. R. Civ. P. 4(e)(1).  In addition to personal service, New York law allows service on an individual by a combination of delivery to the individual's place of business and mail.  *See* N.Y. C.P.L.R. § 308(2).

Plaintiff has not established "a prima facie case of proper service" on Dr. Hemmings "through specific factual allegations and any supporting materials." *Sikhs for Justice*, 850 F. Supp. 2d at 440.  Plaintiff relies on an affidavit of service asserting that Dr. Hemmings was "personally served" at the same address alleged to be that of Cornell.  *See* Pl.'s Aff. at 5.  But that same affidavit calls the claim of personal service into question, because it states that Hemmings was served "C/O," or "care of," Cornell's Department of Anesthesiology. *Ibid*.

Moreover, Dr. Hemmings has submitted a sworn affidavit stating that he was not personally served with the complaint.  Hemmings Decl. ¶¶ 3-5 (Dkt. #15).  Dr. Hemmings further states that he was "away from work" on the day of purported service "and for several days afterward."  *Id*. ¶ 5.  Plaintiff has not rebutted this evidence; instead, in his opposition papers, plaintiff appears to concede that Dr. Hemmings was not personally served by making the

7

unsworn statement that "an officer of [Cornell] accepted service . . . on behalf of all the defendants including [Dr. Hemmings]." Pl.'s Opp'n at 4. But again, plaintiff does not identify the purported agent of Cornell who accepted such service. And in any event, "service on an employer's registered agent is not a valid form of service on an employee under Federal Rule of Civil Procedure 4(e) or the corresponding New York statute." *Carter v. JP Morgan Chasebank, N.A.*, No. 17-CV-4244, 2017 WL 8890262, at *3 (S.D.N.Y. Dec. 14, 2017), *report and recommendation adopted*, 2018 WL 1083966 (S.D.N.Y. Feb. 26, 2018). Plaintiff's "conclusory statements" regarding personal service cannot overcome the "sworn affidavit that service was improper." *Sikhs for Justice*, 850 F. Supp. 2d at 440; *Darden*, 191 F. Supp. 2d at 387.

Nor has plaintiff demonstrated proper service of Dr. Hemmings under the New York provision allowing service by a combination of personal delivery to a place of business and mail. *See* N.Y. C.P.L.R. § 308(2). That provision allows service by delivery of the summons and complaint "to a person of suitable age and discretion at the [defendant's] actual place of business" but requires that they also be mailed to the recipient's "last known residence" or "actual place of business." *Ibid.* Plaintiff does not claim that he mailed the complaint and summons to Dr. Hemmings at any location. Plaintiff has therefore failed to show that he effected service on Hemmings under Section 308(2). *See, e.g.*, *Valle v. GDT Enterprises, Inc.*, No. 19-CV-797, 2020 WL 435295, at *2-4 (E.D.N.Y. Jan. 28, 2020); *Assets Recovery 23, LLC v. Gasper*, No. 15-CV-5049, 2018 WL 5849763, at *6-10 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted*, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018); *Stair v. Calhoun*, No. 12-CV-6121, 2015 WL 1476454, at *7-8 (E.D.N.Y. Mar. 31, 2015); *Khanukayev v. City of New York*, No. 09-CV-6175, 2011 WL 5531496, at *2-4 & n.1 (S.D.N.Y. Nov. 15, 2011).

### iii. Dr. Platholi and Dr. Heerdt

Plaintiff has not shown that he served Dr. Platholi or Dr. Heerdt. Plaintiff does not claim to have served these defendants; his affidavit of service states only that a "request to waive service of summons" was mailed to these defendants on December 20, 2019, ten days before plaintiff's deadline to effect service. Pl.'s Aff. at 5. But simply requesting that a defendant waive service under Rule 4(d) is not a substitute for completing service when no waiver is returned. Rule 4(d) instead provides that if certain defendants do not accede to waiver requests, they may be required to pay "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Since plaintiff has neither claimed nor provided evidence that any of the defendants from whom he requested waivers of service agreed to waive service or were properly served, service has not been completed as to these defendants. *See, e.g., Cheung Yin Sun v. Mashantucket Pequot Gaming Enter.*, 663 F. App'x 57, 58 (2d Cir. 2016); *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 400 (S.D.N.Y. 2020); *Am. Int'l Grp. Eur. S.A. (Italy) v. Franco Vago Int'x, Inc.*, 756 F. Supp. 2d 369, 374 (S.D.N.Y. 2010).

### B. The moving defendants did not waive their improper-service defense.

Plaintiff suggests that the moving defendants cannot object to improper service because their motion to dismiss "is evidence that the [moving] defendants are aware that a lawsuit has been filed against them." Pl.'s Opp'n at 4. But under both federal and New York law, actual notice of a lawsuit does not cure improper service. *See Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) ("[T]he simple fact that [the defendant] obtained a copy of the state court complaint against it is insufficient for service to be deemed effective under New York law."); *see also, e.g., Sikhs for Justice*, 850 F. Supp. 2d at 441 (holding that defendant was not properly served under

9

federal or New York law despite actual notice of the suit, because "actual notice cannot 'cure a failure to comply with the statutory requirements for serving process'" (quoting *Sartor v. Toussaint*, 70 Fed. App'x 11, 13 (2d Cir. 2002)).

Plaintiff fares no better in suggesting that the moving defendants waived their insufficient-service defense because counsel for those defendants filed a notice of appearance before moving to dismiss the complaint. Pl.'s Opp'n at 5. A party waives an insufficient-service defense "by failing to assert it promptly by motion or in the responsive pleading, or by participating in the litigation without questioning personal jurisdiction." *Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014); *see* Fed. R. Civ. P. 12(h)(1). The moving defendants here promptly asserted their insufficient-service defense and did not participate in the litigation without questioning personal jurisdiction. They raised that defense on the same day that counsel for the moving defendants appeared. *See* Notice of Appearance; Defs.' PMC Ltr. at 2. And they then pressed the defense in their motion to dismiss the original complaint, *see* Defs.' Mot. to Dismiss Original Compl. at 7-10, and the instant motion to dismiss the amended complaint, s*ee* Defs.' Br. at 6-9. In sum, counsel's notice of appearance did "not constitute a waiver of the [insufficient-service] defense," because the moving defendants "ma[de] a timely challenge to the court's jurisdiction." *Zherka*, 52 F. Supp. 3d at 577; *see, e.g.*, *Gore v. RBA Grp., Inc.*, No. 03-CV-9442, 2009 WL 884565, at *5 (S.D.N.Y. Mar. 27, 2009); *Arthur Williams, Inc. v. Helbig*, No. 00-CV-2169, 2001 WL 536946, at *3 (S.D.N.Y. May 21, 2001); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 659 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999).

### C. An extension of the time to serve the moving defendants is not warranted.

I decline to extend plaintiff's time to serve the moving defendants.

### i. Good Cause

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause for the failure," then "the court must extend the time for service for an appropriate period." *Ibid.* "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013). In determining whether good cause exists, courts consider "(1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay." *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018), *aff'd*, 768 F. App'x 60 (2d Cir. 2019).

Plaintiff has not shown good cause for his delay here. He has identified no exceptional circumstances beyond his control that caused his attempts at service to fail. *Jordan*, 928 F. Supp. 2d at 598. Nor has he provided evidence from which the court can conclude his efforts at service were diligent or reasonable. *Cf. Emanuele v. Ranch for Kids, Inc.*, No. 17-CV-6426, 2018 WL 2248514, at *2 (E.D.N.Y. Apr. 27, 2018) ("[W]ithout any evidence presented about [plaintiff's] diligence, the Court cannot infer that it existed."), *report and recommendation adopted*, 2018 WL 2248509 (E.D.N.Y. May 16, 2018). Plaintiff has been on notice of the moving defendants' service objection since at least January 10, 2020—when defendants filed a motion to dismiss invoking insufficient service—but he does not suggest that he has re-attempted service in the more than 19 months since. *See Obot v. Citibank S. Dakota, N.A.*, No. 04-CV-784A, 2006 WL

11

6905256, at *3 (W.D.N.Y. Oct. 17, 2006) ("As part of the determination of good cause for delay in service, courts have looked at the length of time it has taken to effect proper service after receipt of notice of a possible defect."), *aff'd*, 347 F. App'x 658 (2d Cir. 2009). Insofar as plaintiff suggests that he did not do so because of a mistaken belief that service was proper due to actual notice, *see* Pl.'s Opp'n at 5, "[a] mistaken belief that service was proper is not good cause under Rule 4(m)." *Fowler v. City of New York*, No. 13-CV-2372, 2015 WL 9462097, at *5 (E.D.N.Y. Dec. 23, 2015), *aff'd*, 807 F. App'x 137 (2d Cir. 2020); *see, e.g.*, *Yaxin Jing v. Angel Tips, Inc.*, No. 11-CV-05073, 2013 WL 950585, at *3 (E.D.N.Y. Mar. 11, 2013); *Obot*, No. 04-CV-784A, 2006 WL 6905256, at *2. Finally, plaintiff's *pro se* status "is no excuse for failure to serve the defendant properly and does not automatically amount to good cause." *Jordan*, 928 F. Supp. 2d at 598; *see Kogan*, 334 F.R.D. at 403; *see also Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."). Accordingly, plaintiff has not established good cause for his failure to properly serve defendants.

### ii. Discretionary Extension

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original); *see Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 234-35 (2d Cir. 2010). To benefit from a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. At that point, "courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether

defendant[s] would be prejudiced by extending plaintiff's time for service." *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (quotations omitted).

Here, I decline to exercise my discretion to grant an extension without good cause. Plaintiff has not offered a colorable excuse for his neglect. *Cf. Zapata*, 502 F.3d at 199 (affirming denial of extension of time to serve where plaintiff "neglected to ask for an extension within a reasonable period of time, and ha[d] advanced no cognizable excuse for the delay"). And "unlike the plaintiff in *Zapata*, who ultimately served the defendants only four days beyond the service deadline, plaintiff here *never* effected proper service on the defendants," even though he has been on notice of the deficient service for over 19 months. *Carl v. City of Yonkers*, No. 04-CV-7031, 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008) (emphasis in original) (declining to extend time to serve because plaintiff's *pro se* attempt at service was unsuccessful, plaintiff "made no further effort" to serve defendants, and plaintiff failed to seek any extension of time), *aff'd*, 348 F. App'x 599 (2d Cir. 2009); *see, e.g.*, *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508-09 (2d Cir. 2006); *Fried v. New York State Off. of Child. & Fam. Servs.*, No. 05-CV-5522, 2008 WL 4360749, at *6 (E.D.N.Y. Sept. 24, 2008); *Stewart v. City of New York*, No. 06-CV-15490, 2008 WL 1699797, at *7 (S.D.N.Y. Apr. 9, 2008); *Phills v. Ten Middle Assocs.*, No. 05-CV-01838, 2007 WL 274530, at *3 (D. Conn. Jan. 25, 2007). Moreover, plaintiff has not argued or provided evidence that the *Vaher* factors are satisfied. *See* Pl.'s Opp'n at 4-6; s*ee also Emanuele*, No. 17-CV-6426, 2018 WL 2248514, at *2 (recommending dismissal based on insufficient service of process where plaintiff did not argue or provide evidence that the factors supporting an extension were satisfied). Considering the factors commonly weighed in deciding whether to grant a discretionary extension, I decline to extend plaintiff's time to serve.

13

## CONCLUSION

The moving defendants' motion to dismiss based on insufficient service of process is granted. The claims against the moving defendants are accordingly dismissed without prejudice. I do not reach the moving defendants' other arguments for dismissal.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 13, 2021
       Brooklyn, New York